IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FILIBERTO LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 3554 |
| ) | |
| ) | |
| AUTOSERVE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Filiberto Lopez's ("Lopez") motion to strike Defendant Autoserve, LLC"'s ("Autoserve") affirmative defenses. For the reasons stated below, we grant Lopez's motion in its entirety.

## BACKGROUND

On July 19, 2005, Lopez filed the instant action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law Act ("Minimum Wage Law"), 820 ILCS 105/1 *et seq.* Autoserve filed an answer to the complaint, which included three affirmative defenses, on September 2, 2005, and Lopez filed the instant motion to strike on October 21, 2005. Autoserve

1

was given until November 9, 2005, to file a response to the instant motion, but it failed to do so.

## DISCUSSION

Autoserve asserted three affirmative defenses in its answer to the complaint in the instant action, including that Lopez has unclean hands, that Lopez failed to mitigate his harm, and that Lopez's damages were de minimus. Lopez now moves to strike these affirmative defenses under Federal Rules of Civil Procedure Rule 12(f) ("Rule 12(f)"), which states that "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense . . . ." Fed. R. Civ. Pro. 12(f). The Seventh Circuit has stated that striking affirmative defenses should be done sparingly and "only when they are insufficient on the face of the pleadings." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). There are, however, situations where striking affirmative defenses serves to "remove unnecessary clutter from the case." *Id.* Furthermore, because "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure . . . [these] defenses must set forth a 'short and plain statement,' Fed.R.Civ.P. 8(a), of the defense." *Id.* This means that affirmative

defenses that "are nothing but bare bones conclusory allegations" must be stricken. *Id.* Finally, when a federal court is applying state law, "the legal and factual sufficiency of an affirmative defense is examined with reference to state law." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

I. Unclean Hands (First Affirmative Defense)

In the instant action, Autoserve asserts that Lopez's claims are barred under the doctrine of unclean hands because Lopez "and his supervisor conspired to create two employee identities and deceive [Autoserve] so that [Lopez] could work more hours than [Autoserve's] policies permitted." (Resp. 7). According to the Seventh Circuit, "[u]nclean hands is a traditional defense to an action for *equitable* relief." *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 281 (7th Cir. 1992)(emphasis added); *see also Beitner v. Marzahl*, 819 N.E.2d 1266, 1274 (Ill.App. Ct. 2004)(stating that "[t]he clean hands doctrine prohibits one seeking equity from taking advantage of his own wrong"). While "the doctrine was fashioned in the courts of equity," the doctrine of unclean hands should bar recovery in cases "where equitable and legal claims are joined, . . . if indicated by the facts." *Urecal Corp. v. Masters*, 413 F.Supp., 873, 876 (D.C. Ill. 1976). However, generally "unclean hands is an equitable remedy not applicable to claims for monetary relief." *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 964 (N.D.Ill. 2003)(citing *American Nat'l Bank & Trust Co. v. Levy*, 404 N.E.2d 946, 948-49 (Ill.

3

App. Ct. 1980)). Lopez is seeking only legal damages in the instant action. (A Compl. Par. 14, 21). Therefore, we grant Lopez's motion to strike Autoserve's affirmative defense of unclean hands.

II. Failure to Mitigate (Second Affirmative Defense)

Autoserve also argues that Lopez "unreasonably failed to take advantage of any preventative or corrective opportunities . . . to complain about his failure to receive overtime compensation." (Resp. 7-8). An employee has a clear duty to mitigate damages under certain employment statutes, such as the Age Discrimination in Employment Act ("ADEA"). *See Smith v. Great American Restaurants, Inc.*, 969 F.2d 430, 438 (7th Cir. 1992)(stating that a "discharged ADEA plaintiff has a duty to exercise reasonable diligence in attempting to mitigate damages by finding comparable work"). However, there are no cases applying this doctrine to FLSA or the Minimum Wage Law, and the Illinois courts have stated that "[t]he duty to mitigate will not be invoked as grounds for a hypercritical examination of a plaintiff's conduct." *Amalgamated Bank of Chicago v. Kalmus and Associates, Inc.*, 741 N.E.2d 1078,1087-87 (Ill. App. Ct. 2000); *see also Flores v. Albertsons, Inc.*, 2002 WL 1163623, at *5 (C.D.Cal. 2002)(stating in a FLSA case that "Plaintiffs are under no duty to mitigate damages because they have not been terminated"). Autoserve has cited no law supporting its assertion that Lopez had a duty to mitigate damages under either the FLSA or the Minimum Wage Law. Therefore, we grant

4

Lopez's motion to strike Autoserve's affirmative defense of failure to mitigate.

### III. De Minimum Damages (Third Affirmative Defense)

Autoserve claims that "Plaintiff's claims are de minimis and therefore his claims are not actionable." (Resp. 8). Autoserve, however, cites no law or facts supporting its assertion, and simply states in the body of its argument "Plaintiff's damages are de minimus." (Resp. 8). This is clearly a "bare bones conclusory allegation[]," *Heller Financial, Inc.*, 883 F.2d at 1294, which does not meet the necessary pleading standards. Therefore, we strike Autoserve's affirmative defense of de minimus damages.

## CONCLUSION

Based on the foregoing analysis, we grant Lopez's motion to strike Autoserve's affirmative defenses in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 17, 2005